DAVID S. CROWELL, PLAINTIFF IN ERROR, v. PHILIP· M:. JACKSON, DEFENDANT IN ERROR.

An action for deceit will not lie in a purchase or sale, if there be no designed misrepresentation by words or deeds and no active intentionall concealment, and no intentional silence where there is a duty to speak.

On error to the Essex Circuit Court.

The writ of error is brought for the purpose of determining the correctness of the decision of the court below in sustaining a demurrer to the plaintiff's declaration.

The action was for deceit in the purchase of certain shares of the capital stock of the Holbrook Printing Company by the defendant from the plaintiff. The declaration alleges that the plaintiff was a shareholder of the Holbrook Printing Company, and that the defendant was a director and the treasurer of that company; that the company had made a favorable sale of property which enhanced the value of its stock; that the sale was known only to the directors and officers of the company; that the plaintiff had no knowledge of it and no knowledge of facts which put him on inquiry with reference to it; that the defendant knew of it, and knew that it enhanced the value of the stock, and that the plaintiff was ignorant of it; that, possessing this knowledge, he bought the plaintiff's shares of stock at a price for which the plaintiff, in his ignorance of the advantageous sale by the corporation, was willing to sell them, which was much below the real value of the stock purchased.

For the plaintiff in error, *Herbert Boggs.*

For the defendant in error, *Edward Q. Keasbey.*

The opinion of the court was delivered by

THE CHANCELLOR.   We are of opinion that, in contemplation of law, there can be no fraud without moral delinquency; in other words, that there is no actual fraud which is not also moral fraud.   In purchase or sale, if there be no designed misrepresentation by words or deeds and no active intentional concealment, and no intentional silence where there is is a duty to speak, an action for deceit will not lie.   A director, or the treasurer, of a corporation, is not, because of his office, in duty bound to disclose to an individual stockholder, before purchasing his stock, that which he may know as to the real condition of the corporation affecting the value of that stock.   He is, to some extent, trustee for the stockholders, as a body, in respect to the property and business of the corporation, but does not sustain that relation to individual stockholders with respect to their several holdings of stock over which he has no control.

We approve the conclusions reached by the Supreme Court of Indiana in *The Board of Commissioners of Tippecanoe Co.* v. *Reynolds,* 44 *Ind.* 509, which are directly in point with the questions here raised.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, KNAPP, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, SMITH, WHITAKER.   12.

*For reversal*—None.