'(February 26,.1921.)

W. OAKLEY STOUT, HELEN M. STOUT, FRED E.
STOUT, J. HAROLD STOUT, LUCILLE L. STOUT,
O. SEQUIST, MICHAEL P. RYAN, JULIA A. DECOS-
TER, ZEULA MENDENHAL, HARVEY F. WILL-
IAMSON, MABEL S. GARDNER, ANNIE E. SCOTT,
HELEN S. JOHNSON, J. BRYANT SCOTT, CAR-
OLYN W. MANTON, WILLIAM A. INGRAHAM, and
E. J. ROUSE, Appellants, v. J. W. CUNNINGHAM,
DENMAN BLANCHARD and BLANCHARD & COM-
PANY, a Corporation, Respondents.

[196 Pac. 208.]

CORPORATIONS — OFFICERS — STOCKHOLDERS — PURCHASE OF STOCK BY
GENERAL MANAGER—FIDUCIARY RELATION—FRAUDULENT MISREPRE-
SENTATIONS — STATUTE OF LIMITATIONS — CAUSE OF ACTION — AC-
CRUAL OF.

1. An officer or director of a corporation, or a general man-
ager who is neither a stockholder, officer nor director, but merely
an employee of the company, does not sustain a fiduciary rela-
tion to an individual stockholder with respect to his stock, and
consequently may purchase stock from him with the same freedom
as though he were a stranger, and in so doing the mere failure
to disclose information as to the value of the stock or the fact
that he will be able to dispose of it at a higher price will not
render him liable, in the absence of actual fraudulent mis-
representations.

2. In this case the defendant Blanchard & Company sent to
the shareholders of the Boise power company a circular letter in

1. On duty of director of corporation toward one from whom he
purchases stock, see note in L. R. A. 1916B, 708.

As to whether directors of corporation are under any obligation to
disclose matters which may make shares more valuable, before pur-
chasing shares from individual stockholders, see note in 4 B. R. C.
792.

2. Liability of person whose name appears upon prospectus of cor-
poration as officer for fraudulent representations therein, see note in
Ann. Cas. 1915C, 559.

which the following language was used: "A proposition in the nature of a sale and merger has been made us on behalf of the shareholders." This was followed by a letter to the shareholders from the City Trust Company, referring to the first letter, and advising shareholders to send their shares of stock to the latter company, properly indorsed, to be by said trust company delivered upon payment being made, together with other information showing that a sale of such stock was being negotiated. *Held,* sufficient notice to put shareholders upon inquiry as to who was assuming to act in their behalf and what interest he had in such proposed sale.

3. A cause of action on the ground of fraud is barred under the provisions of C. S., sec. 6611, subd. 4, within three years.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action for an accounting. Judgment of dismissal. *Affirmed.*

Wood, Driscoll & Wood, for Appellants.

The particular facts alleged in the amended complaint bring the conduct of the defendants Cunningham and Blanchard within the following decisions, which are controlling in this case: *Stewart v. Harris,* 69 Kan. 498, 77 Pac. 277, 66 L. R. A. 261; *Oliver v. Oliver,* 118 Ga. 362, 45 S. E. 232; *Strong v. Repide,* 213 U. S. 417, 53 L. ed. 853, and note; *Barbar v. Martin,* 67 Neb. 445, 93 N. W. 722, cited 1 Cook, Corp., p. 900.

The managing officers of a corporation are not only trustees in relation to the corporate entity and the corporate property, but they are also to some extent and in many respects trustees of the corporate stockholders. (*Stewart v. Harris, supra;* Pomeroy, Equity Jur., par. 1090; *Jackson v. Ludeling,* 21 Wall. 616, 22 L. ed. 492, see, also, Rose's U. S. Notes; *Sargent v. Kansas Midland R. Co.,* 48 Kan. 672, 29 Pac. 1063.) In such cases concealment is equivalent to misrepresentation. (*Stewart v. Wyoming Cattle Ranch Co.,*

128 U. S. 383, 9 Sup. Ct. 101, 32 L. ed. 439, see, also, Rose's U. S. Notes; *Strong v. Repide, supra.*)

Richards & Haga, for Respondent Cunningham.

Actions for fraud must be brought within three years, unless the plaintiff alleges and proves that he did not discover the fraud within that time, that he has exercised due diligence to discover the facts and could not have discovered the fraud within the time, even with the exercise of such due diligence. (C. S., sec. 6611, subd. 4; *Thayer v. Kansas Loan & Trust Co.,* 100 Fed. 901; *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807, see, also, Rose's U. S. Notes; *Murray v. Chicago & N. W. Ry. Co.,* 92 Fed. 868, 35 C. C. A. 62; *Wilson v. Lemoyne,* 204 Fed. 726, 123 C. C. A. 30; Smith, Law of Fraud, sec. 86.)

A knowledge of facts sufficient to put plaintiff upon inquiry is equivalent to a knowledge of the fraud within this section. (*Williams v. Shrope,* 30 Ida. 746, 168 Pac. 162.)

An officer or director does not sustain a fiduciary relation to an individual stockholder with respect to his stock, and consequently he may purchase stock from him with the same freedom as from a stranger, and in so doing the mere failure to disclose information as to the value of the stock or the fact that he will be able to dispose of it at a higher price will not render him liable in the absence of actual fraudulent representations. (*Shaw v. Cole Mfg. Co.,* 132 Tenn. 210, 177 S. W. 479, L. R. A. 1916B, 706; *Percival v. Wright* [1902], 2 Ch. 421, 4 B. R. C. 786; *Bacon v. Soule,* 19 Cal. App. 428, 126 Pac. 384; *Haverland v. Lane,* 89 Wash. 557, 154 Pac. 1118; *Steinfeld v. Nielsen,* 15 Ariz. 424, 139 Pac. 879; *Deaderick v. Wilson,* 8 Baxt. (Tenn.) 108; *Carpenter v. Danforth,* 52 Barb. (N. Y.) 581; *Tippecanoe v. Reynolds,* 44 Ind. 409, 15 Am. Rep. 245; *Perry v. Pearson,* 135 Ill. 218, 25 N. E. 636; *O'Neile v. Ternes,* 32 Wash. 528, 73 Pac. 692; *Hooker v. Midland etc. Co.,* 215 Ill. 444, 106 Am. St. 170, 74 N. E. 445; *Crowell v. Jackson,* 53 N. J. L. 656, 23 Atl. 426; *Krumbhaar v. Griffiths,* 151 Pa. 223, 25 Atl. 64; *Haarstick v. Fox,* 9 Utah, 110, 33 Pac. 251; *Stark*

*v. Soule,* 126 N. Y. 628; 27 N. E. 410; *In re Liquidation of Shreveport Nat. Bank,* 118 La. 664, 43 So. 270; *Walsh v. Goulden,* 130 Mich. 531, 90 N. W. 406.)

BUDGE, J.—This is an action by some of the stockholders of the Boise-Payette River Electric Power Company, a corporation, hereinafter called the Boise power company, against James W. Cunningham, Denman Blanchard and Blanchard & Company, for an accounting by the latter for the purchase price of certain stock formerly owned by the former in the Boise power company. Cunningham was at the time of the transactions complained of the resident general manager of the Boise power company in Boise. Denman Blanchard was a stockholder and one of the directors of said company. Blanchard & Company, which, according to the allegations of the amended complaint, was essentially owned and dominated by Denman Blanchard, was a corporation organized and existing under the laws of the commonwealth of Massachusetts, with its place of business in Boston.

The respondent, James W. Cunningham, demurred to the amended complaint on the ground, among other things, that the cause of action attempted to be alleged therein was barred by the provisions of C. S., sec. 6611, subd. 4, and upon the further ground that the facts therein alleged were insufficient to constitute a cause of action.

The demurrer was sustained, and appellants refusing to plead further, judgment was entered dismissing the action. This appeal is from the judgment.

The questions presented by the specifications of error involve a consideration of the sufficiency of the amended complaint.

From the allegations of the amended complaint it appears that on the twenty-eighth day of February, 1907, Cunningham entered into a contract with William and Sinclair Mainland, whereby he agreed to deliver to them the outstanding capital stock held by certain stockholders of the Boise power company, among them these appellants. The price which the Mainlands were to pay, if all of the

stock should be obtained, was $250,000 cash and 1,500 shares of the par value of $100 each of the preferred stock of a corporation organized under the laws of the state of Maine, called the Idaho-Oregon Light & Power Company, or a total purchase price of $400,000 in cash and preferred shares of stock in said above-named company at their par value. The contract was to be treated as fulfilled when seventy-five per cent of the stock should be delivered to the Mainlands, in which event the sale price was to be at the same rate, according to the proportion of the stock delivered. Cunningham then entered into a contract with Blanchard & Company, which latter company sent out a circular letter to the various stockholders, advising them what they could receive for their stock if they desired to sell. The City Trust Company, also of Boston, was used by Blanchard & Company in conducting the negotiations, and also sent out a letter to the stockholders, dated May 13, 1907, in which reference is made to the letter of Blanchard & Company of date April 30, 1907, to the effect that the latter company was then in a position to complete the sale of the stock of the Boise power company in accordance with the terms of their circular letter, and requesting that the stock of the Boise power company be forwarded to them, and advising the manner of indorsement of the stock certificates, that the signatures of the holders thereof should be witnessed, and inclosing a form of acceptance of the purchase price upon the terms set forth in the letter from Blanchard & Company, together with a form of deposit, in the nature of an offer to sell and power of attorney to transfer the stock of the various stockholders, upon payment of the purchase price.

As a result of these negotiations, the stock for which Cunningham was to receive $250,000 and the preferred stock in the Idaho-Oregon Light & Power Company under his contract with the Mainlands was sold by the various stockholders, among them these appellants, who sold directly to the Mainlands, with the exception of appellant William A. Ingraham, for the sum aggregating $200,000, together

with certain preferred stock of the Idaho-Oregon Light & Power Company. The Mainlands paid Cunningham in addition thereto $50,000, which was divided in some proportion with Blanchard & Company.

The transaction was closed more than three years prior to the filing of the complaint on June 26, 1911, and was, therefore, barred by the provisions of C. S., sec. 6611, subd. 4. But it is alleged in substance by appellants that the facts which constituted the fraud upon these appellants were not discovered by them within the statutory period, and that their right of action did not accrue until the discovery of such fraud.

Appellants further allege that they had no knowledge or any information sufficient to put them upon inquiry as to the character of Cunningham's contract with the Mainlands or that Cunningham was in any way connected with the transaction until the fifteenth day of August, 1908, at which time James C. Stout, the predecessor in interest of some of the appellants, procured a copy of the Cunningham-Mainland contract.

The theory of the action is that Cunningham, by virtue of his position as general manager of the Boise power company, occupied a trust or fiduciary relation to the appellant stockholders, and that the transaction was a fraud on them, and that they are entitled to recover whatever the accounting, which is prayed for, shall disclose was received by Cunningham in excess of the amount actually received by the stockholders for their stock.

Two propositions raised by the demurrer need be discussed in disposing of this case. The first is that the allegations of the complaint do not disclose or state a cause of action in fraud, and, second, that even if the transaction were fraudulent it is barred by C. S., sec. 6611, subd. 4, which prescribes a three years' period of limitations within which an action for relief on the ground of fraud may be commenced.

Subd. 4 provides that: ''An action for relief on the ground of fraud .... The cause of action in such cases not

to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. . . . .''

In our opinion the amended complaint fails to state facts sufficient to constitute a cause of action. It is a well-settled rule that an officer or director of a corporation, much less a general manager who is neither a stockholder, officer nor director, but merely an employee of the company, does not sustain a fiduciary relation to an individual stockholder with respect to his stock, and consequently he may purchase stock from him with the same freedom as though he were a stranger, and in so doing the mere failure to disclose information as to the value of the stock or the fact that he will be able to dispose of it at a higher price will not render him liable to the stockholder in the absence of actual fraudulent misrepresentations. (*Shaw v. Cole Mfg. Co.,* 132 Tenn. 210, 177 S. W. 479, L. R. A. 1916B, 706; *Percival v. Wright* [1902], 2 Ch. 421, 4 B. R. C. 786; *Tackey v. McBain* [1912], App. Cas. 186; *Bacon v. Soule,* 19 Cal. App. 428, 126 Pac. 384; *Haverland v. Lane,* 89 Wash. 557, 154 Pac. 1118; *Steinfeld v. Neilsen,* 15 Ariz. 244, 139 Pac. 879; *Deaderick v. Wilson,* 8 Baxt. (Tenn.) 108; *Carpenter v. Danforth,* 52 Barb. (N. Y.) 581; *Tippecanoe v. Reynolds,* 44 Ind. 509, 15 Am. Rep. 245; *Perry v. Pearson,* 135 Ill. 218, 25 N. E. 636; *O'Neile v. Ternes,* 32 Wash. 528, 73 Pac. 692; *Hooker v. Midlands etc. Co.,* 215 Ill. 444, 106 Am. St. 170, 74 N. E. 445; *Crowell v. Jackson,* 53 N. J. L. 656, 23 Atl. 426; *Krumbhaar v. Griffiths,* 151 Pa. 223, 25 Atl. 64; *Haarstick v. Fox,* 9 Utah, 110, 33 Pac. 251; affirmed, *Fox v. Haarstick,* 156 U. S. 674, 15 Sup. Ct. 456, 39 L. ed. 576, see, also, Rose's U. S. Notes; *In re Liquidation of, etc., Bank,* 118 La. 664, 43 So. 270; *Walsh v. Goulden,* 130 Mich. 531, 90 N. W. 406.)

It may be said in passing, although remotely material to this discussion, that respondent Cunningham, as general manager, was not an executive officer of the corporation under the facts already stated. (*Palmer v. Penn. Co.,* 35 Hun (N. Y.), 369, 99 N. Y. 679; *Farmers' Loan & Trust Co.*

*v. Warring,* 20 Wis. 290; *Wheeler Mfg. Co. v. Lawson,* 57 Wis. 400, 15 N. W. 398.)

But even if it should be said that a cause of action appears from the allegations of the amended complaint under the facts disclosed therein, the action, as we view it, is barred by the provisions of C. S., sec. 6611, subd. 4.

Although the complaint contains several allegations to the effect that appellants had no knowledge or means of knowledge respecting the nature of the transaction, or Cunningham's connection therewith, or the price he was to receive, prior to the receipt by James C. Stout of the Cunningham-Mainland contract on August 15, 1908, it appears from exhibit "B" attached to the complaint, which is the circular letter sent out by Blanchard & Company to the stockholders on April 30, 1907, that they were apprised of facts which were sufficient to put them upon notice. The following language occurs in the circular: *"A proposition* in the nature of a sale and merger has been made us *on behalf of the shareholders* of the Boise-Payette River Electric Power Company." And also a letter sent out to the stockholders of the Boise power company by the City Trust Company on May 13, 1907, in which reference is made to the letter of Blanchard & Company of date April 30, 1907, and in which the stockholders are advised to send on their shares of stock to the City Trust Company, properly indorsed, and to be by said trust company delivered upon payment being made therefor, together with other information which clearly shows that a sale of the stock of the Boise power company was being negotiated.

It will be observed upon an examination of the amended complaint that there is no averment that during the period over which the transactions complained of extended the appellants or any of them made or caused to be made the slightest inquiry touching the transaction in connection with the sale of the stock of the Boise power company to Blanchard & Company, through its agent, the City Trust Company, that no examination was made of the books of the corporation, that no information was sought from Cunning-

ham, the general manager of the corporation, and that the sale of appellants' stock, with the exception of Ingraham's, was made to the Mainlands direct.

In cases of this character where fraud, concealment and ignorance of the facts are relied upon to suspend the running of the statute of limitations, there must have been such concealment as would prevent a person exercising due diligence from discovering the facts. What diligence was used is a question of law to be determined by the court from the complaint. Mere conclusions of law are not sufficient to remove the bar of the statute. The particulars of the discovery must be alleged. It should be stated when the discovery was made, what it was, how it was made, and why it was not made sooner. The amended complaint is silent as to how the contract was obtained, neither are there any reasons assigned why the contract was not sooner obtained. In other words, the circumstances of the discovery are not fully stated. The fact that Cunningham gave out no information of his transactions with the Mainlands would not be sufficient, or the fact that the plaintiffs knew nothing of the transaction between the Mainlands and Cunningham until they procured a copy of the contract between Cunningham and the Mainlands, would likewise be insufficient to bring them within the provisions of the statute. The general rule is announced in the case of *Wood v. Carpenter,* 101 U. S. 135, 25 L. ed. 807:

"In cases of this character the plaintiff is held to stringent rules of pleading . . . . , and especially must there be distinct averments as to the time when the fraud, mistake, concealment or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether by ordinary diligence the discovery might not have been before made. This is necessary to enable the defendant to meet the fraud and the time of its discovery. A general allegation of ignorance at one time and knowledge at another are of no effect. If the plaintiff made any particular discovery it should be stated when it was made, what it was, how it was made, and why it was not made sooner.''

In the case of *Buckner v. Calcote,* 28 Miss. 432, and *Nudd v. Hamblin,* 8 Allen (Mass.), 130, it is held that:

"A party seeking to avoid the bar of the statute on account of fraud must aver . . . . that he used due diligence to detect it and if he had the means of discovery in his power, he will be held to have known it."

The fraud, if any existed, was brought home to appellants on April 30, 1907, and on May 13, 1907. Knowledge of such facts as were communicated to appellants was of such a character as to put them upon inquiry, and is equivalent to knowledge of the fraud, which being true, as appears from the facts alleged in the amended complaint, the statute of limitations barred their right of recovery and the action of the trial court in sustaining the demurrer was proper. The judgment is affirmed, with costs to respondent Cunningham.

Rice, C. J., and Lee, J., concur.

Dunn, J., concurs in the conclusion reached.

McCarthy, J., being disqualified, did not sit at the hearing and took no part in the opinion.