## AKER v. SEARS ROEBUCK & CO.
### No. 2114.

District Court, D. Idaho, S. D.
April 17, 1941.

Leslie J. Aker, of Boise, Idaho, for plaintiff.

742

Richards & Haga, of Boise, Idaho, for defendant.

CAVANAH, District Judge.

The defendant moves to dismiss the amended complaint upon similar grounds as those specified, attacking the original complaint and still insists that the amended complaint is objectionable for the reasons:

(a) That it is ambiguous, uncertain and unintelligible.

(b) That several causes of action have been improperly united.

(c) That it is impossible to determine upon what theory plaintiff demands for judgment.

(d) That it cannot be determined how or by what means plaintiff distinguishes or segregates the damages alleged to have been sustained from the acts of, and delays caused by defendant, from the delays and alleged wrongful acts of the courts and judicial officers referred to and from the alleged wrongful acts of the sheriff, and

(e) That the causes of action, if any, plaintiff has, are barred by the statute of limitation of the state.

It would seem that when in considering the ground as to whether the amended complaint is ambiguous, uncertain and unintelligible it involves a consideration of the grounds (b), (c) and (d), which relate to whether several causes of action are improperly stated, and upon what theory plaintiff demands judgment, and how or by what means plaintiff distinguishes or segregates the alleged damages to have been sustained from the acts of and delays caused by defendant, from the delays and alleged wrongful acts of the courts and judicial officers and from the alleged wrongful·acts of the sheriff.

As to whether several causes of action are improperly stated, the answer must be in the negative when we apply (e) of rule 8, 28 U.S.C.A. following section 723c, as to consistency in pleadings where it is provided:

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in Rule 11."

It will be observed from the rule, which is broad, a party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or in separate counts. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements, and he "may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." So it is thought that the objections to the amended complaint on the ground that several causes of action are stated does not run counter to the rule.

The objection that it cannot be determined from the amended complaint upon what theory the plaintiff seeks recovery. It seems from the allegations of the amended complaint, it is one of an alleged conspiracy, based upon fraud, charged to have been entered into by the defendant with Edson Williams and Olive Williams his wife with malicious intent to injure, cheat and defraud plaintiff in depriving her from recovery upon a promissory note and collateral title retaining contract in inducing the Williams to ignore and repudiate their note and contract and to make a new contract with the defendant giving it the right to collect and recover for the purchase price of the personal property and in causing Williams to default in the payment of their note to the plaintiff and refusing plaintiff's agent to repossess the personal property after demand, and by reason of certain false and fraudulent representations made by defendant to the effect that the personal property sold by plaintiff did not rightfully belong to her but it belonged to the defendant, and in furtherance of the conspiracy defendant wrongfully and unlawfully entered into an agreement with the Williams on November 3, 1934, to sell and did sell to the Williams, the personal property belonging to the plaintiff, which defendant knew belonged to her, for the sum of $25 being much less than its real

value, and payable in installments, and that on November 13, 1934, plaintiff filed an action in the justice court against the Williams to recover upon her note for the balance of $225 and was maliciously, wrongfully and unnecessarily prevented and hindered from obtaining trial and hearing in the action by the defendant, in filing an unfounded demurrer and preventing the justice court to pass upon it by confessing the demurrer on April 11, 1935, and in filing an untrue answer in denying execution of the note sued upon by the plaintiff, and alleged that the plaintiff claimed to be the owner of the personal property and had no title or right thereto.

Then follows a series of alleged steps taken and acts of the defendant, done in the judicial proceedings until the entry of final judgment on March 24, 1936, and the issuing of execution on April 8, 1936, out of the State District Court in an action brought by the plaintiff and the sale of the attached and other property which the sheriff was prevented from so doing by reason of certain false and fraudulent claims of third parties thereto, and of exemption by the Williams inspired and induced by the defendant, and that by reason thereof, the sheriff brought an action against plaintiff in the State District Court which was finally adjudicated in her favor on August 30, 1937; that on September 22, 1937, the Sheriff proceeded to sell, under the writ of execution of the remaining property which had not been lost, and realized thereon the sum of $12.35 leaving a balance of $447.51 due. There is then alleged the amounts of damages claimed and what they consist of, and that the plaintiff did not discover the facts constituting the fraud and fraudulent conspiracy until July, 1940; and that the series of litigation growing out of the fraud and conspiracy did not terminate until August, 1939.

■ ■ The nature of the action as appears from the amended complaint is an alleged conspiracy founded on fraud in which it is charged that the defendant entered into an agreement with the Williams who were debtors of the plaintiff, to deprive her of her interest in the personal property involved, and is based upon the contention that the laws of the State of Idaho defines it to be a conspiracy if two or more persons conspire to maintain any suit, action or proceeding to cheat and defraud any one of any property or commit any act to obstruct justice or in the administration of

law. Section 17-1027, I.C.A. And where parties in pursuance of a conspiracy or combination for that purpose fraudulently make use of legal proceedings to injure another, an action lies against them, at the suit of the person injured, to recover damages sustained. 12 C.J. § 110, page 588; 15 C.J.S., Conspiracy, § 16.

Applying then the alleged facts to this principle it would seem that they require the taking of testimony as the gist of the alleged acts of delay and the alleged wrongful acts of the defendant concerns the entering into the conspiracy to fraudulently make use of legal proceeding to injure and deprive the plaintiff of personal property.

Lastly: Is the alleged cause of action barred by the statute of limitation of the State? Of course, in order to determine that question it becomes necessary to fix the time that the alleged cause of action accrued. It is alleged that the conspiracy was entered into on November 3, 1934, and on October 2, 1934, in furtherance of the conspiracy the defendant induced the Williams to ignore, repudiate and to default in the payment of their obligation to plaintiff, and that on November 13, 1934, the plaintiff filed her action and on March 24, 1936, finally recovered judgment, and on April 8, 1936, plaintiff caused to be issued, execution on her judgment, and that the sheriff brought an action against plaintiff in which it was finally adjudicated in her favor on August 30, 1937, and execution issued thereon on September 22, 1937, that on November 3, 1934, in furtherance of its conspiracy entered into an agreement with the Williams to sell and did sell the personal property. That on November 24, 1934, an unfounded demurrer to the complaint of plaintiffs was filed by the Williams and the court did not pass upon it until it was confessed on August 11, 1935, and on that date filed a false answer and fraudulent claim and affidavit of exemption of property, and on April 16, 1935, filed on behalf of Williams a false affidavit for postponement of the trial, and on April 27, 1935, filed on behalf of Williams, in the Probate Court, a false and fraudulent "amended answer" to her complaint and on March 17, 1936, filed on behalf of Williams in said action, a false and fraudulent deposition, and filed, on May 7, 1935, in the State District Court, a further false amendment to the amended answer, and on July 23, 1935, on behalf of said Williams, a request that Leslie H. Aker, plaintiff's agent and attorney, be made a party to said action, and the State

744

District Court refused to join the defendant as a party.

■ It is apparent that the last date referred to in the amended complaint as to what was done in the furtherance of the conspiracy known as an "overt act" was September 22, 1937, more than three years before the filing of the complaint in the present action on November 26, 1940, which is the limitation statute applicable unless discovery by plaintiff of the facts constituting fraud was later than that date. Section 5-218, I.C.A. is the one applicable here as it requires an action founded in fraud as the alleged conspiracy is alleged to be founded in fraud, to be brought within three years from the date of the alleged cause accrued unless the date of discovery of the facts constituting fraud is discovered thereafter.

If it can be said that the action comes within Section 5-219 it would also be barred within three years.

It is the contention of the plaintiff that Section 5-218 does not apply under the allegation of the amended complaint where it is stated: "that the said plaintiff did not discover the facts constituting said fraud on the part of the defendant and the fraudulent conspiracy and agreement between the said defendant and Williams until about July 1940; and that the series of litigation growing out of said fraud and fraudulent conspiracy on the part of defendant did not terminate until August 1939."

■ The Supreme Court of the State has interpreted this provision of the statute relating to the discovery of the fraud under a general statement in the pleadings similar to the one here, and has held that such an allegation of the discovery of the facts constituting fraud is not sufficient within the meaning of the statute, as there must be alleged, in order to suspend the running of the statute of limitation, such facts of concealment as would prevent a person exercising due diligence from discovering the facts, and what diligence was used is a question of law to be determined from the complaint. Mere conclusions are not sufficient to remove the bar of the statute as the particulars of the discovery must be alleged. It is sufficient to quote at length from the views expressed by the Supreme Court of the State in the case of Stout v. Cunningham, 33 Idaho 464, 472, 196 P. 208, 210, where the court said: "In cases of this character, where fraud, concealment, and ignorance of the facts are relied upon

to suspend the running of the statute of limitations, there must have been such concealment as would prevent a person exercising due diligence from discovering the facts. What diligence was used is a question of law to be determined by the court from the complaint. Mere conclusions of law are not sufficient to remove the bar of the statute. The particulars of the discovery must be alleged. It should be stated when the discovery was made, what it was, how it was made, and why it was not made sooner. The amended complaint is silent as to how the contract was obtained, neither are there any reasons assigned why the contract was not sooner obtained. In other words, the circumstances of the discovery are not fully stated. The fact that Cunningham gave out no information of his transactions with the Mainlands would not be sufficient, or the fact that the plaintiffs knew nothing of the transaction between the Mainlands and Cunningham until they procured a copy of the contract between Cunningham and the Mainlands, would likewise be insufficient, to bring them within the provisions of the statute. The general rule is announced in the case of Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807: 'In this class of cases the plaintiff is held to stringent rules of pleading * * *, "and especially must there be distinct averments as to the time when the fraud, mistake, concealment or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether, by ordinary diligence, the discovery might not have been before made." * * * "This is necessary to enable the defendant to meet the fraud and the time of its discovery." * * * A general allegation of ignorance at one time and of knowledge at another are of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner.' "

Thereafter the Supreme Court of the State in the case of Frank v. Davis, 34 Idaho 678, 203 P. 287, reaffirmed the decision in the case of Stout v. Cunningham, supra.

It will be observed that the allegation here as to the discovery of the fraud by the plaintiff is a general statement and there is no fact stated as to concealment and ignorance of the facts, or what it was, how it was made, and why it was not made sooner. The amended complaint here is silent in that regard. A statement in the amended complaint that the series of litigation growing out of the fraud did not terminate un-

til August, 1939, seems to conflict with the dates referred to therein as to the steps taken during the litigation, as the last step taken was September 22, 1937, which was the last date appearing in the proceeding in the state court.

It can fairly be said that from the facts alleged in the amended complaint as to the steps taken concerning the fraudulent acts were principally those appearing in the State court and certainly one could have discovered them if diligence was used, although some of the proceedings in the State court such as the action brought by the plaintiff was one she had knowledge of and had a means of discovery of the proceedings in the State court.

Adopting then the rule now prevailing in federal courts as to the interpretation of a state statute by the highest court of the State, we cannot escape the application of the conclusion of the Supreme Court of the State as announced in the cases of Stout v. Cunningham, and Frank v. Davis, supra, where this statute of limitation is interpreted. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487.

It will be further observed that this question of the present action being barred under the statute of limitation of the State is asserted in the motion to dismiss.

Therefore, the action is barred under the statute of limitation of the State, and the motion to dismiss is sustained.