(*November 7, 1923.*)

## CHRISTINA THOMAS, Appellant, v. UNION SAVINGS BUILDING & TRUST COMPANY et al., Respondents.

[221 Pac. 132.]

DISMISSAL OF APPEAL — LACK OF DILIGENCE — ABSENCE OF TRIAL JUDGE'S CERTIFICATE.

1. A failure to apply for an extension of time within which to file a transcript on appeal negatives the question of due diligence.

2. Where appellant's brief nowhere contains an enumeration of the errors relied upon as required by rule 42, the appeal from the judgment will be dismissed.

3. Where a transcript of the papers ostensibly used on a motion for new trial is not accompanied by the certificate of the trial judge, as required by rule 24, such record cannot be reviewed on appeal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to quiet title. Judgment for defendants. Appeals *dismissed*.

B. F. Neal, for Appellant.

Wood & Driscoll, Ira E. Barber, W. H. Davison and M. M. Myers, for Respondents.

Counsel file no brief on motion to dismiss appeals.

T. BAILEY LEE, Commissioner.—On July 20, 1920, the plaintiff, Christina Thomas, perfected her appeals from the former judgment and order denying her motion for a new trial herein. The transcript was filed in this court on May 25, 1921. Respondents have moved to strike the transcript from the files, and to dismiss the appeals, relying upon rule 26 of this court adopted December 27, 1919, and in force when the appeals were taken. Such rule provided

in part: "In no case shall a transcript on appeal be filed in this court more than six months after the perfecting of the appeal, except by an order of the court or one of the justices thereof, upon a showing of due diligence."

The record fails to show the procurement of any order extending the time for the filing of the transcript in this court; and the court has repeatedly held that "a failure to apply for an extension of time within which to file a transcript negatives the question of due diligence." (*Blumauer-Frank Drug Co. v. First Nat. Bank*, 35 Ida. 436, 206 Pac. 807.) The motion to strike must be sustained.

In addition to the grounds urged on the motion to dismiss, it appears that the appellant's brief nowhere contains an enumeration of the errors relied on as required by rule 42 of the 1919 adoption. For this reason the appeal from the judgment must be dismissed.

In her brief, appellant states that she relies upon all the grounds set forth in her specification of errors on motion for new trial. The transcript of the papers ostensibly used on such motion is not accompanied by the certificate of the trial judge as required by rule 24; and for this reason the record on the motion cannot be reviewed. (*Robinson v. School District*, 36 Ida. 133, 209 Pac. 726.)

Notwithstanding that there is nothing before the court for review, we have examined the record on account of appellant's earnest contention that the evidence is insufficient to support the findings and decree. There is a substantial conflict in the evidence controlling the issue of adverse possession, but sufficient evidence, if the record were properly before the court, to sustain the findings and decree in that respect.

Budge, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion is hereby adopted as the opinion of the court.

The appeals are dismissed. Costs awarded to respondents.

Petition for rehearing denied.