Points Decided.

(March 6, 1924.)

L. A. NELSON, Respondent, v. HENRY JONES, Appellant, and MODERN PACKING COMPANY, a Corporation, and HENRY JONES, PERRY JONES, JOHN F. HANSEN and W. P. GUTHRIE, as Trustees, Defendants.

[224 Pac. 435.]

PLEADING AND PRACTICE—TWO OR MORE CAUSES OF ACTION JOINED IN SINGLE COUNT — WHEN DEEMED WAIVED — CORPORATIONS — WHEN ACTION MAY BE CONTINUED AGAINST DIRECTORS AS TRUSTEES— CORPORATE ASSETS — WHEN OFFICERS INDIVIDUALLY LIABLE TO CREDITORS.

1. Where a complaint states two causes of action in a single count, and no objection to such complaint is made in the court below until after judgment is entered upon both causes of action, the misjoinder will be deemed to have been waived.

2. When a corporation is insolvent and becomes defunct for a failure to pay the annual license taxes, an action pending against it may, under C. S., sec. 4790, be continued against the directors as trustees.

3. The directors and officers of a corporation hold its funds in trust, and any attempt on their part to divert the use of such funds to their personal profit or interest is a violation of the trust imposed by virtue of their office.

4. Where an officer of a corporation caused it to mortgage all of its property to himself to discharge an obligation which it owed him, and foreclosed the mortgage and purchased the property, such transaction is in legal effect an unlawful conversion of the corporate property, and he becomes liable to account for the value of the same to any creditor who has been injured thereby.

5. Where the president and general manager of a corporation converts all of its assets to his own use, in an action by a creditor for its value it is not necessary to allege or prove that it was done fraudulently or collusively, such facts and circumstances make the transaction fraudulent and void in law.

Publisher's Note.

4. Preference to officers, directors or stockholders for a contemporaneous loan to the corporation, see notes in 45 **Am. St.** 829-835; 5 **A. L. R.** 561; 19 **A. L. R.** 1087.

Validity of preference given to officer of insolvent corporation, see note in 22 **L. R. A.** 802.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to recover on a note against the Modern Packing Company, a corporation, and its directors as trustees, and against Henry Jones in his individual capacity. From judgment for plaintiff against Jones, he appeals. *Modified* and *affirmed.*

E. A. Walters, R. P. Parry and W. P. Guthrie, for Appellant.

In the absence of collusion or fraud an insolvent corporation is not prevented from preferring certain creditors. (*Wilson v. Baker Clothing Co.*, 25 Ida. 378, 137 Pac. 896; Marshall on Corporations, sec. 780; *Capital Lumber Co. v. Saunders*, 26 Ida. 408, 143 Pac. 1178; *Pettengill v. Blackman*, 30 Ida. 241, 164 Pac. 358; 27 C. J. 613, 631; 8 Fletcher, Cyc. of Corporations, sec. 5074; 7 R. C. L. 257.)

In the absence of collusion or fraud, it is entirely legal for a corporation to prefer as a creditor one who is a stockholder therein or an officer thereof. (7 R. C. L. 758, 760; *Sanford Fork & Tool Co. v. Howe, Brown & Co.*, 157 U. S. 312, 15 Sup. Ct. 621, 39 L. ed. 713; *Sutton Mfg. Co. v. Hutchinson*, 63 Fed. 496, 11 C. C. A. 320; 8 Fletcher, Cyc. of Corporations, sec. 5144; Thompson on Corporations, sec. 6176; *In re Lake Chelan Land Co.*, 257 Fed. 497, 5 A. L. R. 560; *Harle-Haas Drug Co. v. Rogers Drug Co.*, 19 Wyo. 35, Ann. Cas. 1913E, 181, and note 113 Pac. 791; *American Exchange Nat. Bank v. Ward*, 111 Fed. 782, 55 L. R. A. 356, 49 C. C. A. 611.)

The mere fact that a preference results from the acts complained of is not proof of fraud. (*Wilson v. Baker Clothing Co., supra; Capital Lumber Co. v. Saunders, supra; Pettengill v. Blackman, supra; Bates v. Papesh*, 30 Ida. 529, 166 Pac. 270.)

The findings of fact must be sufficient to sustain the conclusions of law and if fraudulent intent is not found the transfer will not be set aside. (27 C. J., p. 846, sec. 805.)

E. M. Wolfe and C. Wilkins, for Respondent.

A director of an insolvent corporation cannot take advantage of his position to obtain a preference to himself. (*Sawyer v. Hoag*, 84 U. S. 610, 21 L. ed. 731; *Lyons-Thomas Hardware Co. v. Perry Stove Mfg. Co.*, 86 Tex. 143, 24 S. W. 16, 22 L. R. A. 802, and notes; *Adams v. Kehlor Mill Co.*, 35 Fed. 433; *Ryan v. Leavenworth etc. Ry. Co.*, 21 Kan. 365.)

A creditor may bring a personal action against an offending director of an insolvent corporation who takes an illegal preference to himself and through that illegal preference takes the property and converts it to his own use so that the specific property cannot be followed. (C. S., sec. 4715; *Chadwick v. Holm*, 31 Ida. 252, 170 Pac. 87; *Union Coal Co. v. Woolly* (Okl.), 154 Pac. 62; *Nix v. Miller*, 26 Colo. 203, 57 Pac. 1084; *Darcy v. Brooklyn & New York Ferry Co.*, 196 N. Y. 99, 134 Am. St. 827, 89 N. E. 461, 26 L. R. A., N. S., 267.)

A director who seeks to obtain an unjust and unlawful preference will be held to account for the value of the entire property wrongfully appropriated by him. (*Watrous v. Hilliard*, 38 Colo. 255, 88 Pac. 186.)

WILLIAM A. LEE, J.—The amended complaint in this action states two causes of action in a single count, but no objection to this misjoinder appears to have been taken by any of the defendants.

One cause of action is against the Modern Packing Company, a domestic corporation, and appellant Henry Jones, Perry Jones, John F. Hansen and W. P. Guthrie, in their official capacity as trustees of the defendant company. The corporation became defunct for a failure to pay the annual license taxes, and the directors were made parties defendant as provided by C. S., sec. 4790. This cause of action is upon the promissory note set forth in the complaint, executed by defendant corporation to the respondent Nelson, June 10, 1916, in the principal sum of $2,221.75.

The other cause of action is against appellant Henry Jones, in his individual capacity, and is based upon the averments that while he was president, director and general manager of this corporation, and knowing it to be insolvent, as such official, with its secretary, executed to himself a promissory note for $5,177.65, on February 11, 1918, due in six months, and a chattel mortgage to secure the same upon all of the then remaining property of the company, consisting of its furniture, fixtures and the retail butcher shop in Twin Falls; that in July, 1918, following the execution of this note and mortgage, appellant caused the mortgage to be foreclosed by affidavit, and said property to be sold to himself at such sale for $6,618.36, and his note and mortgage against the company to be fully satisfied. This cause of action is against appellant individually. It is based upon the execution of this note and mortgage to himself, and the subsequent sale of all the property of this insolvent and defunct corporation under the foreclosure proceedings, upon the ground that such proceedings were unlawful and void against respondent, a creditor of the corporation.

Prior to the execution of this note and mortgage a fire had destroyed the company's packing-house, and appellant had taken a mortgage upon all its real estate, in consideration of his having paid an indebtedness to a creditor of the company, apparently equal in amount to the value of this real estate. About the validity of this transaction no question is raised in this action.

The cause was tried by the court with a jury, which made special findings of fact upon interrogatories submitted, wherein it found that the company was insolvent at the time appellant took this note and chattel mortgage; that the appellant, with the other officers who had control of the company's affairs at the time of the execution of this instrument, knew that it was insolvent; and the jury found the value of the property included in the chattel mortgage given by appellant to be $1,000.

The court adopted the findings of the jury, and made additional findings to the effect that the company was a

domestic corporation, with its principal place of business at Twin Falls, Idaho; that it forfeited its right to do business in December, 1918, for a failure to pay the license tax to the state; that at the time of such forfeiture, appellant, Perry Jones, John F. Hansen and W. P. Guthrie were its directors; that on June 10, 1916, it executed the note and mortgage sued on in this action to respondent, no part of which had been paid; that on February 11, 1918, this company, through its said officers, executed to and delivered to appellant a chattel mortgage on all of its personal property; and that appellant thereafter foreclosed said mortgage by affidavit and sale, and thereby appropriated all of the company's personal property to his own use. The court also finds that $150 is a reasonable attorney's fee in this action.

As a conclusion of law from such findings, the court holds that respondent is entitled to judgment against the company, the appellant, Perry Jones, John F. Hansen, and W. P. Guthrie, as trustees, for the principal sum of $3,423.46, and that appellant is personally liable to respondent, and respondent is entitled to judgment against him, for $1,000, the value of such personal property, together with interest, costs and $150 attorney's fees, making a total of $1,420 for which judgment was entered against appellant.

From this personal judgment against him appellant appeals to this court, and assigns as error: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the evidence does not support the judgment; (3) that the court erred in its conclusion that respondent was entitled to a judgment against appellant in the sum found; (4) that the findings and conclusions do not support the judgment; (5) that it is contradictory, uncertain and indefinite; (6) that the court erred in taxing an attorney's fee against appellant; (7) that there is no evidence to sustain the judgment, for the reason that there is no showing of fraudulent intent or purpose on the part of the company or its officers or agents.

It will be observed that the controlling question presented by this appeal is whether the president of an insolvent

corporation, who was also a director and general manager, can obtain a preference to himself out of the assets of the company, in the manner here attempted to be done.

Appellant argues that the complaint fails to state a cause of action, for the reason that there are no particular facts or representations alleged constituting the collusion or fraud, and cites *Wilson v. Baker Clothing Co.*, 25 Ida. 373, 137 Pac. 896, 50 L. R. A., N. S., 239. This case correctly states the rule of law applicable to the facts there under consideration, but we think it has no application to the facts presented by this record.

Appellant further contends that an insolvent corporation is not prohibited by any law of this state from preferring certain creditors over others in the due course of business, where such preference is not collusively or fraudulently made, and relies upon the same authority and also upon *Pettengill v. Blackman*, 30 Ida. 241, 164 Pac. 358, wherein it is said that if there is a debt and a transfer of property for an adequate consideration in payment of the same, no collusion or fraud in its legal sense can be predicated upon such transaction.

It is further contended that respondent had been president of this company, and during his incumbency had loaned the money for which this note was in part given, and that he was still a director. It appears, however, that respondent has not taken any part in the company's affairs for a long time prior to taking this note, or to the execution of the mortgage given appellant. It may be conceded that generally in an action for deceit or fraud the facts constituting the same must be specifically alleged and proven. But this rule has no application to the case of an officer of a corporation obtaining a preference for himself by appropriating to his own use the assets of his company, to the injury of its other creditors. Such acts are fraudulent and void in law, irrespective of the intent of such officer.

In *Riley v. Callahan*, 28 Ida. 525, 155 Pac. 665, it is said that the directors and officers of a corporation hold the funds in trust, and any attempt on their part to divert the

use of such funds to their personal profit or interest is a violation of the trust imposed by virtue of their office. (See, also, *Weil v. Defenbach,* 31 Ida. 258, 170 Pac. 103, and cases cited on p. 262; *C. M. & St. P. Ry. Co. v. Third Nat. Bank,* 134 U. S. 276, 10 Sup. Ct. 550, 33 L. ed. 900; *C. R. I. & P. Ry. Co. v. Howard,* 7 Wall. (U. S.) 410, 19 L. ed. 117; *Curran v. State of Arkansas,* 15 How. (U. S.) 304, 14 L. ed. 705; *Nix v. Miller,* 26 Colo. 203, 57 Pac. 1084; *Union Coal Co. v. Woolley,* 54 Okl. 391, 19 A. L. R. 312, 154 Pac. 62.)

C. S., sec. 4715, prohibits the directors of a corporation from declaring any dividends except from surplus profits, or from withdrawing or paying to any stockholder any part of the capital stock, or reducing the same, except as therein provided. It makes such officers liable in their individual capacity, jointly and severally, to the corporation or any of its creditors, in the event of a dissolution, to the full amount of the capital stock so divided, withdrawn, paid out or reduced.

In *Chadwick v. Holm,* 31 Ida. 252, 170 Pac. 87, it is held that where with the consent of the stockholders a corporation through its directors transfers all of the corporate property to another corporation, and takes in payment bonds of the latter corporation, and such bonds are allotted among the stockholders in proportion to their shares in the original company, the directors will be liable as tort-feasors for any loss occasioned by the negligence of the directors in delivering to the stockholders their allotment of such bonds. It is held that the statute was enacted for the benefit of creditors, and of those who engage in business with corporations on the assumption that their capital cannot be impaired. In the instant case, the president, who is also the general manager and a director of a corporation, as such officer caused the corporation to enter into a contract with himself in his individual capacity, by which all of the then remaining assets of the corporation were transferred to him to discharge its obligation to him. Even though such obligation is founded on a valid consideration, such as the advancement of money, which appears to be conceded in this case,

his subsequent sale of this property under foreclosure proceedings and his purchase of the same at the sale was in legal effect an unlawful conversion of this property to his own use, and he becomes liable to account for the same to any creditor of the company who has suffered loss by reason of such wrongful act. The transaction, entirely aside from his good faith, is fraudulent in law and voidable at the instance of a creditor.

As already indicated, the action against the corporation and its trustees, who became liable in their official capacity as such because of the forfeiture of the corporation charter for failure to pay the license fee, is an action upon contract, in this case the promissory note set forth in the complaint. The action against appellant individually is tortious in character, and there being no provision for the recovery of an attorney's fee in an action of this kind, the finding and holding of the trial court that respondent was entitled to the attorney's fee of $150 has no support in the record, and cannot be allowed. Appellant in the trial below might have required respondent to elect upon which cause of action he would proceed, or to separately state the two causes of action, but having neglected to do so, we think he waived his right to do so after judgment. However, the fact that the first cause of action is upon a promissory note with an attorney's fee clause would not extend such provision to the second cause of action, sounding in tort.

Where the president and general manager of a corporation wrongfully converts the assets of his company to his own use by taking a mortgage upon the same and foreclosing such mortgage, and bids in the property at the foreclosure sale, he would ordinarily be liable to injured creditors to the full extent of the price for which such property was sold at the foreclosure sale. In the instant case, however, the question as to the value of this property wrongfully taken by appellant was submitted by special interrogatories to the jury, which found its value to be $1,000. No exception being taken by either party to this finding as to the value of this property, and it having been adopted by

the court as a basis for the judgment subsequently entered, such finding will not be disturbed upon this appeal.

It results from what has been said that respondent's judgment against appellant should be affirmed in the amount of $1,000, with interest thereon and costs, as found by the trial court, but the attorney's fee in the sum of $150 should be stricken therefrom. The cause is remanded, with instructions to enter a judgment in accordance with the views here expressed. Costs to respondent.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.