(No. 5629.   December 9, 1930.)

T. P. WORMWARD, Appellant, v. ELLA M. BROWN, Executrix of the Estate of THEODORE BROWN, Deceased, Respondent.

[294 Pac. 331.]

T. P. Wormward, for Appellant, cites no authorities on points decided.

James A. Wayne, for Respondent.

McNAUGHTON, J.—This action was originally filed in the probate court of Shoshone county to recover $142.85 from the estate of Theodore Brown, deceased. The claim sued upon was filed with the executrix prior to instituting the action but was never acted upon by the executrix. In this behalf the complaint states:

" .... that on the 12th day of July, 1929, the claim herein set forth verified by the oath of claimant and upon which this action is founded, was duly presented in writing by plaintiff to defendant as such executrix for allowance, that subsequently and during the time allowed by law for the allowance or rejection of said claim against said estate no action was ever taken by said defendant thereon either by way of allowance or rejection of the same in part or the whole thereof, neither was plaintiff notified within the time allowed by law or at all of the rejection of said claim or any part thereof, .... "

A general demurrer was filed in the probate court and upon the hearing the probate court sustained the demurrer. The judgment entered by the probate judge upon the order sustaining the demurrer recites that the demurrer was sustained upon the ground "that said action was not begun within the time required by law." Upon appeal to the district court the district judge, considering the same complaint and the same demurrer, sustained the demurrer and entered

a judgment dismissing the action without stating the grounds upon which the demurrer had been sustained, either in the order sustaining the demurrer or in the judgment.

The case is appealed and upon the assignments of error it is claimed: first, that the court erred in sustaining the demurrer to the complaint; and second, that the court erred in affirming the judgment of the probate court. Appellant's argument is mainly upon the point that it was error for the district court to affirm the probate court, because it appeared from the judgment entered by the probate court that the reasons assigned by the probate judge were erroneous, that is to say, it is claimed the district judge was limited in considering the demurrer to an examination of the grounds assigned by the probate judge for his ruling.

The district judge sustained the demurrer without passing upon the correctness of the probate court's reasons for the decision in the probate court. Upon appeal of course the complaint and the demurrer, as filed in the probate court, were transferred to and filed in the district court, and it was the duty of the district judge to determine the issue of law presented by the complaint and the demurrer thereto independently of what had transpired in the probate court. Upon appeal from the order sustaining the demurrer and the judgment entered thereon in the district court, this court is not concerned with the reasons assigned by the probate judge for the ruling in the probate court, but we are concerned only with the correctness of the ruling by the district court upon the issue of law raised by the complaint and the demurrer thereto which were before the district court. More than this, if the demurrer had been sustained in the district court on a wrong premise, but is good on any premise, the decision would not be reversed on appeal. (*Gagnon v. St. Maries Light & Power Co.*, 26 Ida. 87, 141 Pac. 88; *Feehan v. Kendrick*, 32 Ida. 220, 179 Pac. 507.) If, therefore, the complaint fails to state a cause of action the judgment of the district court must be affirmed.

Section 5466 of the Revised Statutes of 1887 read in part as follows:

"When a claim accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim, it must be presented to the probate judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, *such refusal or neglect is equivalent to a rejection.*"

It will be noted that from this section, refusal or failure to act on the part of the executor or administrator was by the statute expressly made equivalent to a rejection of the claim filed. This section of the statute was amended in 1919, and that provision was eliminated. Section 7584 of the Compiled Statutes reads as follows:

"When a claim, accompanied by the affidavit required in this chapter is presented to the executor or administrator he must indorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim, it must be presented to the probate judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor, administrator, or judge reject the claim, or disallow any part thereof, he shall within 10 days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time."

C. S., sec. 7584, was amended in 1929, page 673, Sess. Laws, 1929, to read as follows:

"When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator he must, *within sixty days after its receipt,* indorse thereon, his allowance or rejection, with the day and date thereof. If he allows the claim, . . . . *he must within the same time*

*present it* to the probate judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor, administrator, or judge reject the claim, or disallow any part thereof, he shall within 10 days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time.''

The only question remaining in this case is whether the claim must be filed and rejected before suit can be maintained, and if so, whether the failure of the executrix to allow or reject the claim, as set forth in the complaint, amounts to a rejection, authorizing suit on the claim as a rejected claim. In *Flynn v. Driscoll*, 38 Ida. 545, 34 A. L. R. 352, 223 Pac. 524, this court said:

''Supporting the view that an action cannot be maintained upon a claim against an estate until it has been first presented to the executor or administrator substantially in the manner prescribed by the statute, and rejected, and hence such suit'' (the suit itself) ''cannot be sufficient presentation, see also the following: *Burke v. Unger*, 88 Okl. 226, 212 Pac. 993; *First Security & Loan Co. v. Englehart*, 107 Wash. 86, 181 Pac. 13; *Dakota Nat. Bank v. Kleinschmidt*, 33 S. D. 132, 144 N. W. 934; *Printz-Biederman Co. v. Torgeson*, 41 S. D. 48, 168 N. W. 796; *Dillabough v. Brady*, 115 Wash. 76, 196 Pac. 627.''

The statement of the court in *Flynn v. Driscoll, supra,* is broader than the decision rendered in that case required, but we are convinced the statement of the law is correct, and hold that at the time the claim in question was filed, which was on the twelfth day of July, 1929, the law contemplated before an action might be maintained upon such a claim against the estate of a deceased person, the claim must have been filed and disallowed, as provided by the statute, and such action brought within three months after

such disallowance, and that mere failure to act on the part of the executor or administrator upon a filed claim within the time prescribed by C. S., sec. 7584, as amended, does not amount to a disallowance of the claim. It follows the district court was right in sustaining the demurrer in this case because it does not appear from the complaint that the claim had been disallowed.

The judgment is affirmed, with costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.