(No. 5897. May 31, 1933.)

AUGUST ROSA, Appellant, v. GENNARO DEVINGENZO, ANTONIA DEVINGENZO, Husband and Wife, and MOLLY MORRISON, LUCY VAN EVEREN LISH and HENRY E. LISH, Respondents.

[24 Pac. (2d) 1051.]

F. M. Bistline, for Appellant.

P. C. O'Malley, J. A. Carver and Samuel Adelstein, for Respondents.

WERNETTE, J.—This is an action instituted to foreclose a real estate mortgage of $600, with interest. To the second amended complaint respondent filed a general and special demurrer, paragraphs 1 and 2 of which reads, as follows:

"I.

"That the said complaint does not state facts sufficient to constitute a cause of action against the two defendants, Gennaro Devengenzo and Antonio Devengenzo, or either of them.

"II.

"That the said complaint shows plainly upon its face that the said action which is an action for the foreclosure of a certain mortgage is barred by the Statute of Limitations of the State of Idaho; and there is nothing pleaded in the second amended complaint that takes the said action from under the Statute of Limitations."

The demurrer to the complaint was heard before the court below, which disposed of the same by making the following order:

"In the above entitled case, plaintiff having filed a second amended Complaint and the defendants Gennaro Devingenzo and Antonio Devingenzo, having demurred to the last amended complaint, and this court having on the —— day of February, for the third time sustained the said demurrer of the defendants, and having given the plaintiff fifteen days to amend if plaintiff thought he could amend to overcome the objections raised by the demurrer, and more than 15 days having elapsed since the date of the order sustaining said demurrer, and plaintiff not having filed an amended complaint as set forth in said Order:

"It is ordered, adjudged and decreed that the complaint of the plaintiff does not contain facts sufficient to constitute a cause of action against the defendant and that the plaintiff has failed to file an amended complaint within the time specified and that it is further ordered, adjudged and decreed that the above entitled action filed by the plaintiff against the defendants is hereby dismissed with prejudice at plaintiff's cost."

From which order and judgment this appeal was taken.

The appellant assigns but one error, namely: "The court erred in sustaining respondents' special demurrer setting up the bar of the statute of limitations."

The statute of limitations is not sufficiently pleaded by respondents' demurrer. Section 5–808, Idaho Code Annotated:

"In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provision of section —— (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure; and if such allegation be controverted, the party pleading must establish on the trial the facts showing that the cause of action is barred."

In the case of *Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44, where similar allegations of a demurrer were being considered, this court said, at page 635:

"Under our statutes, the statute of limitations is not sufficiently pleaded by this demurrer. Section 4213 of the Revised Statutes of Idaho is as follows: 'In pleading the statute of limitations it is not necessary to state the facts showing the defense, but it may be stated generally that the cause of action is barred by the provisions of section ―― (giving the number of the section and subdivision thereof, if it is so divided, relied upon) of the Code of Civil Procedure.' The statute of limitations not having been pleaded in the form required by the statute, the court might overrule the demurrer upon this ground alone. . . . . "

The order of the lower court sustaining the demurrer and dismissing the action was based solely on the ground, "that the complaint of the plaintiff does not contain facts sufficient to constitute a cause of action against the defendants," which is not based on the special demurrer but on the ground of the general demurrer of the respondents, paragraph one of the demurrer above set forth. The court having specifically stated the reason for sustaining the demurrer and dismissing the action, necessarily excludes any other reason.

"A complaint may state a good cause of action and be sufficient to support a judgment, although it shows conclusively upon its face that the cause of action is barred by the statute of limitations. The fact that the cause of action is barred does not deprive it of any of the elements which would otherwise constitute a good cause of action, but merely leaves it open to the exercise of the personal privilege given the defendant by law to plead its limitation which merely cuts off the remedy. Facts which constitute a cause of action do not cease to be facts simply because of the application of the statute of limitations." (*Chemung Min. Co. v. Hanley*, 9 Ida. 786, 794, 77 Pac. 226, 228.)

Later this court again spoke, in the case of *McLeod v. Rogers*, 28 Ida. 412, 154 Pac. 970, as follows, at page 415:

"This court in numerous cases has held that the plea of the statute of limitations is a personal one; that it is a privilege which the law gives to the debtor which he may waive or insist upon. The statute acts upon the remedy and not upon the debt. The running of the statute does not extinguish the debt, and to be available it must be pleaded directly, and cannot be interposed by argument or inference." (Citing many cases.)

The question, as to the statute of limitations, is not in this case; it was not properly pleaded by respondent, nor was the court's order based on the same. Consequently, there is no issue presented to this court. Appellant does not assign as error the action of the court in sustaining respondents' general demurrer, nor is the same considered, in any manner, in appellant's brief by way of citation of authorities or argument, and the same was not mentioned in the oral argument before this court. The record before us is the same as if no brief had been filed at all. Rule 42 of this court specifically provides:

"The brief of the appellant shall also contain a distinct enumeration of the several errors relied on. Briefs of both parties shall state the several propositions of law claimed to be involved in the case and the authorities relied upon for the support of the same separately from the argument. The points and authorities must be first distinctly stated and the argument set forth supplementary thereto. . . . . ."

These provisions of the rule were in no way complied with by appellant. In the case of *Thomas v. Union Savings Building & Trust Co.*, 38 Ida. 247, 221 Pac. 132, this court said:

"It appears that the appellant's brief nowhere contains an enumeration of the errors relied on as required by rule 42 of the 1919 adoption. For this reason the appeal from the judgment must be dismissed."

In the case of *Davenport v. Burke*, 27 Ida. 464, 149 Pac. 511, this court held:

"Where assignments of error are made in counsel's brief but not discussed either in the brief or upon oral

argument, and where no authorities are cited in support of the assignment of error, said assignment will not be discussed by this court.''

On at least two occasions this court especially warned, with reference to the failure of complying with rule 42. (*Noble v. Harris,* 33 Ida. 188, 190 Pac. 922; *Nelson v. Bruce,* 51 Ida. 378, 6 Pac. (2d) 140.) In both cases the errors contended for were set forth and considered in the arguments of the briefs. In the instant case there is a total failure of compliance. The pertinent parts of rule 42 must either be complied with or abolished, and the latter would not be prudent.

This court cannot, and should not, be called upon to frame the issues of the litigants, and then pass on such issues as thereby it would become an advocate for either one party or the other. The paths of procedure leading to this court are simple, clear and well defined, and it must be left to the litigants and their attorneys to properly frame and present the issues before it.

The judgment of the lower court is affirmed, with costs to respondents.

Budge, C. J., and Holden, J., concur.

GIVENS and MORGAN, JJ., Dissenting.—This cause was briefed and argued orally on the single question of whether the allegations of the complaint showed the statute of limitations had been tolled by instruments claimed to have effect as renewal acknowledgments, and while the judgment of dismissal did not mention the statute of limitations, and the assignment of error does, both appellant and respondent have in effect considered the trial court was so ruling, and no one has been misled, nor has respondent so much as hinted the assignment is insufficient, and the court here should consider the cause on its merits, which would result in a reversal.

ON REHEARING.

(September 23, 1933.)

The following Justices, on rehearing, adhere to the opinion above written:

Budge, C. J., and Holden and Wernette, JJ.

The following Justices, on rehearing, adhere to their dissenting opinion:

Givens and Morgan, JJ.