(No. 6526. January 13, 1939.)

THE CAXTON PRINTERS, LIMITED, a Corporation, Respondent, v. FRED L. ULEN, C. O. DUNLOP and BINNIE ULEN, as Statutory Trustees of LEWISTON BUSINESS COLLEGE, a Corporation Which has Forfeited Its Charter, Appellants.

[86 Pac. (2d) 468.]

J. H. Felton, for Appellants.

S. Ben Dunlap, for Respondent.

MORGAN, J.—It is alleged in the complaint and admitted in the answer that at all times between December 1, 1919, and November 30, 1932, Lewiston Business College, named as one of the defendants in the action, but which did not appeal, was a corporation organized and existing under and by virtue of the laws of Idaho; that July 18, 1931, in the District Court of the Seventh Judicial District of Idaho in and for Canyon County, a judgment was duly made, entered and docketed in favor of respondent and against the college, in an action in said court pending, wherein it was defendant and respondent was plaintiff, for $1,080.04, with interest thereon, and that, November 30, 1932, said judgment debtor forfeited its charter for failure to pay its corporation tax.

Appellants demurred to the complaint on the grounds: (1) That it did not state facts sufficient to constitute a cause of action.

(2) "That the Amended Complaint shows that any action which plaintiff might have against the demurring defendants is barred by the statute of limitations. (Section 5–218, I. C. A., and/or other sections of the Statute limiting actions in such cases.)"

Section 5–218 fixes the period in which an action may be commenced on a liability created by statute at three years. The demurrer was overruled and the ruling thereon is assigned as error.

We gather from appellants' brief it is their contention their liability, if any exists against them in this case, is created by statute. I. C. A., sec. 29–611, is a part of chapter 6, Title 29, of the code, which requires the payment to the state of annual license taxes by corporations and provides for the forfeiture of their charters for failure to do so. That section is as follows:

"In all cases of forfeiture under the provisions of this chapter, the directors or managers in office of the affairs of any domestic corporation whose charter may be so forfeited, or of any foreign corporation whose right to do business in this state may be so forfeited, or any other person or persons who may be appointed by any court of competent jurisdiction to perform that duty, are deemed to be trustees of the corporation and stockholders or members of the corporation whose power or right to do business is forfeited, and have full power to settle the affairs of the corporation, and to maintain or defend any action or proceeding then pending in behalf of or against any of said corporations, or to take such legal proceedings as may be necessary to fully settle the affairs of said corporation, and such directors or managers, as such trustees, may be sued in any of the courts of this state after such forfeiture by any person having a claim against any of said corporations."

That section constituted appellants, who were directors of the corporation at the time it forfeited its charter, trustees with power to settle its affairs and to sue in its behalf and be sued by those having claims against it.

██ The cause of action stated in the complaint is not personal against appellants. It is against the corporation and appellants were made parties in their capacity as trustees. While the statute made them trustees and, as such, parties to the action, it did not create the cause of action. (*Nelson v. Jones*, 38 Ida. 664, 224 Pac. 435, 38 A. L. R. 85.) The action was on a judgment, and the period of limitation therefor is fixed at six years by sec. 5–215. It was commenced within six years from the date of the judgment sued on and the cause is not barred by the statute of limitations.

██ ██ Appellants argue that the complaint does not state facts sufficient to constitute a cause of action in that it is not therein alleged there is corporate property to be administered by the directors after the forfeiture of the charter. As we understand their contention, it is that, in the absence of corporate property requiring administration, a cause of action cannot be stated against directors as trustees. The language of sec. 29–611 does not justify that contention. It provides the trustees may be sued, after such forfeiture, by anyone having a claim against the corporation. According to the allegations of the complaint respondent had a claim against the corporation, evidenced by a judgment which would be barred soon unless action was brought promptly. It had forfeited its charter for failure to pay its corporation tax and appellants were its trustees. Suit against them, in their trustee capacity, on a claim against the corporation, is expressly provided for.

██ ██ In this connection, we call attention to the fact that the corporation had not been dissolved, nor had it otherwise passed out of existence. It was in a state of suspended animation, subject to being revived and reinstated by the payment of delinquent corporation taxes and penalties as provided for in sec. 29–608. (*Ferguson Fruit & Land Co. v. Goodding* (on petition for rehearing), 44 Ida. 76, 258 Pac. 557, 560.)

██ ██ Appellants rely on sec. 29–613, which provides: "Where judgment has been entered against any corporation prior to forfeiture under this chapter an execution may be issued thereon and the property of said corporation, or which may come into the hands of any trustee for it, may be levied

upon, seized and sold to satisfy the same with like force and effect as though such forfeiture had not occurred." That section does not deprive respondent of its right to sue on its judgment any more than does the right to have execution issue defeat the right of any judgment creditor to sue on his judgment. Section 29–613 does not provide an exclusive remedy. The demurrer was properly overruled.

■ ■ Respondent moved to strike a portion of the answer wherein it is alleged that the assets of the corporation, both real and personal, had been mortgaged to secure the payment of indebtedness owing by it, and had been surrendered to its creditors and applied toward the payment of its debts and were insufficient to satisfy the same; that since the forfeiture of its corporate charter another organization, separate and apart from it, has been established and since that time has maintained a business college in Lewiston called by the trade name of "Lewiston Business College"; and "that the said organization was established, and has been run and maintained since that time, by persons other than the corporation defendant herein"; also that the "defunct corporation" has no assets and that all persons connected with it desire the complete and final dissolution thereof. The motion to strike was properly sustained. The fact that a debtor has no assets available, from which his debt may be paid, is not a defense to an action by his creditor on a money judgment against him.

■ ■ During the trial it appeared an agent of respondent had received from the corporation, and transmitted to his principal, certain promissory notes. Appellants sought to show these notes were taken in full payment and discharge of an account which was the subject of the action resulting in the judgment on which this action is brought. The trial judge properly sustained objections to questions, and offers of proof, tending to sustain the contention that the indebtedness for which the original judgment was given had been paid prior to its entry. Such evidence was not within the issues framed by the pleadings and was a collateral attack on the original judgment. (Sec. 7–701.)

■ Appellants contend the trustees of a corporation which has forfeited its charter may be sued for an accounting for its assets and that is its creditor's exclusive remedy.

They tendered to account in full for all property which the corporation owned at the time its charter was forfeited. As heretofore pointed out, the corporation has not been dissolved and may be reinstated to its corporate rights, and a claim against it, evidenced by a judgment, may be sued on in an action against the trustees in their capacity as such. This is not an action for an accounting and the offer to account was properly rejected.

The judgment is affirmed. Costs are awarded to respondent.

Ailshie, C. J., and Givens and Holden, JJ., concur.

Budge, J., expresses no opinion.