(No. 7222. May 17, 1945.)

DOROTHY S. FORTNER, Appellant, v. J. R. CORNELL and J. W. CUNNINGHAM, Trustees of Oakes and Company, a corporation, and THE WESTERN LOAN AND INVESTMENT COMPANY, a corporation, Respondents.

[163 P. (2d) 299.]
On Rehearing October 24, 1945.

James R. Bothwell and H. O. Fortner for appellant.

Wm. B. Davidson and Parry & Thoman for respondents.

GIVENS, J.—The material allegations of appellant's amended complaint as amended are in substance: that on or about February 1st to 7th, 1926, the stockholders of respondent corporation, Oakes and Company, adopted a resolution providing for the application of the assets of the company to the payment and retirement of its stock, which was to some extent and for a time carried out; that the number of shares of stock were variously increased and de-

creased at different corporate meetings until August 26, 1931, when a resolution of the board of directors ordered a reduction to 90 shares, then stated in said resolution to be owned by Eugene Looney, A. G. Campbell and Robert M. Naylor.

That November 30, 1935 the charter of said corporation was forfeited (under 29-605, I.C.A.) by failure to pay its annual license fee (as required by 29-608, I.C.A.), and its then directors, Eugene Looney, now deceased, J. R. Cornell, and J. W. Cunningham, thereby became statutory trustees to wind up its business, (29-611, I.C.A.); that on or about November 27, 1935, Oakes and Company sold by warranty deed two-thirds interest in Lot 16, Block 145, Twin Falls Townsite, Twin Falls County, Idaho, to the respondent Western Loan and Investment Company, a corporation, and one-third interest to Eugene Looney, for $10.00, the property having a reasonable market value of $60,000; that with the exception of R. E. Simpson, the stockholders of the Western Loan and Investment Company and Oakes and Company were the same; that Eugene Looney later transferred his one-third interest to the Western Loan and Investment Company; that December 16, 1940, R. E. Simpson transferred to appellant 112 shares of stock of respondent Oakes and Company then owned by him, par value $11,200; that on or about March 21, 1941, the respondent trustees refused to comply with the resolution of February 7, 1926, providing for the rateable distribution of the assets to the stockholders.

"That the said R. E. Simpson, who was the owner of the certificates of stock herein above described, and this plaintiff, did not discover the fraud of the said officers, directors and managing agents of the said Oakes and Company, in purporting to convey said real property to the said The Western Loan and Investment Company, and Eugene Looney, to evade the payment of the par value of the certificates of stock herein above described pursuant to the resolution of the stockholders of said Oakes and Company, adopted between February 1st, to February 7th, 1926, until on or about March 21, 1941."

That neither appellant nor her predecessor in interest, R. E. Simpson, have received payment on this stock.

Appellant sued March 4, 1941, to set aside the above

sale, for an accounting for her share of the rents, interest and profits derived from the use and occupation of the land to the amount of the par value of the stock, $11,200.

Respondents demurred generally on the ground the amended complaint as amended did not state facts sufficient to constitute a cause of action; and specially because the statute of limitations, Sections 5-203, 218, I.C.A., barred the action, that several causes of action were improperly united, appellant had no legal capacity to sue, defect of parties, and that the amended complaint as amended was ambiguous, uncertain and unintelligible on various grounds.

The minutes of the court and the order sustaining the general demurrer refer to a motion to separately state and number intermingled causes of action, but such motion does not appear in the record and the court sustained the demurrer only on the single ground that the amended complaint as amended did not state a cause of action. Upon refusal to plead further, judgment was entered dismissing the action from which the appeal herein was taken.

The sole point now at issue is therefore whether the complaint states a cause of action, the other special grounds of demurrer not having been ruled on are not before us for consideration. (*Rosa v. Devingenzo*, 53 Ida. 213 at 216-17, 24 P. (2d) 1051.)

■ Even though the face of a complaint discloses the cause of action may be barred by the statute of limitations, such point must be raised by special demurrer or answer and the pleading does not thereby fail to state a cause of action.

"In this state it (statute of limitation) must be specially pleaded, and cannot be raised by demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. (Citing authorities.)

"In fact, a complaint may state a good cause of action and be sufficient to support a judgment, although it shows conclusively upon its face that the cause of action is barred by the statute of limitations. The fact that the cause of action is barred does not deprive it of any of the elements which would otherwise constitute a good cause of action, but merely leaves it open to the exercise of the personal

privilege given the defendant by law to plead its limitation which merely cuts off the remedy. Facts which constitute a cause of action do not cease to be facts simply because of the application of the statute of limitations. * * *" (*Chemung Min. Co. v. Hanley*, 9 Ida. 786 at 794, 77 P. 226.)

"Under the rules of practice in this state, a statute of limitations may be pleaded either by special demurrer or by answer, where it appears on the face of the complaint that the cause of action is barred by such statute, and by answer where it does not appear on the face of the complaint that the cause of action is so barred. The plea of the statute of limitations cannot be invoked by a general demurrer." (*Rogers v. Oregon-Washington R. & Nav. Co.*, 28 Ida. 609 at 616, 156 P. 98.)

*Rosa v. Devingenzo*, supra at 217.

If the corporation is in control of the directors or trustees whose acts are questioned and it thus appears it would be unavailing to make application to them to bring the suit, the stockholder may sue. (*Just v. Idaho Canal Etc. Co., Ltd.*, 16 Ida. 639 at 651, 102 P. 381, 133 A.S.R. 140; *Ryan v. Old Veteran Mining Co.*, 37 Ida. 625 at 634, 218 P. 381; *Morton v. Morton Realty Co.*, 41 Ida. 729 at 738, 241 P. 1014.) If it should appear on the trial there are other stockholders who are entitled to share in the assets, their interests must and will be protected and the controversy should be settled on the factual issues. (*In re San Joaquin Light & Power Corporation* (Calif.), 127 P. (2d) 29; *Sully v. Automobile Finance Co.* (Del.), 101 A. 908.)

Respondent contends the complaint is defective because it has not sufficiently or properly traced the ownership of appellant's shares of stock. It was, however, unequivocally alleged that R. E. Simpson was the owner of 112 shares on December 16, 1940 and on that day transferred this stock to appellant, who is now the present owner and holder thereof.

Both by general law, *Riley v. Callahan Mining Co.*, 28 Ida. 525, 155 P. 665, statute, 29-158, 611 I.C.A., and the terms of the resolution adopted February, 1926, respondent directors, as statutory trustees, were under a fiduciary obligation to wind up the affairs of the corporation,

collect its assets, pay the creditors and distribute the balance rateably among the stockholders. (*Caxton Printers, Ltd., v. Ulen,* 59 Ida. 688, 86 P. (2d) 468; *Heaney v. Riddle,* 23 A. (2d) 456 (Pa.); 13 Am. Jur., Section 1352, p. 1197; 19 C.J.S., Section 1767, p. 1553.) The statutory trustees are charged with due and faithful execution of such trust. (*Ryan v. Old Veteran Mining Co.,* supra; *Nelson v. Jones,* 38 Ida. 664, 224 P. 435, 38 A.L.R. 85; *Morton v. Morton Realty Co.,* supra; *Coeur d'Alenes Lead Co. v. Kingsbury,* 59 Ida. 627, 85 P. (2d) 691.)

The allegations of fraud—aside from the application of the statute of limitations, which is not now before us and we do not consider—were sufficient as against a general demurrer. (*Just v. Idaho Canal Etc. Co., Ltd.,* supra at 649; *James v. P. B. Steifer Mining Co.* (Calif.), 171 P. 117.)

■ This court early rejected the contra so-called Federal doctrine (now embodied in Federal Rules of Civil Procedure, Rule 23 (b) (1), Title 28 U.S.C.A., Section 723c, p. 524), *McQuillen v. National Cash Register Co.,* (Fourth C.C.A.), 112 F. (2d) 877, and adopted and has not abandoned the rule that one who acquires stock subsequent to malfeasance of the directors, as trustees of a corporation, may maintain as a minority stockholder a suit for redress. (*Just v. Idaho Canal Etc. Co., Ltd.,* supra at 647; *Pollitz v. Gould* (N.Y.), 94 N.E. 1088, 38 L.R.A. (NS) 988, 1912D Ann. Cases 1098; *Roberson v. Draney* (Utah), 178 P. 35 at 38; *Peterson v. Hopson* (Mass.), 29 N.E. (2d) 140 at 149; *Scully v. Automobile Finance Co.,* supra at 911.)

■ The amended complaint as amended appropriately and sufficiently alleges that in violation of their obligation respondent trustees sold to themselves, in the form of another corporation, for $10.00, property which was allegedly worth $60,000 and that appellant was entitled to her share.

The complaint, therefore, stated a cause of action and the demurrer on the one ground ruled on was improperly sustained. Judgment of dismissal is therefore reversed and the cause remanded for further proceedings in accordance herewith.

Costs to appellant.

Ailshie, C.J., Budge, Holden and Miller, JJ., concur.

## ON REHEARING

GIVENS, J.—Respondents sought a rehearing on the ground that the following statements in the original opinion,

"The sole point now at issue is therefore whether the complaint states a cause of action, the other special grounds of demurrer not having been ruled on are not before us for consideration. (*Rosa v. Devingenzo*, 53 Ida. 213 at 216-17, 24 P. (2d) 1051.)"

\*　\*　\*　\*

"The allegations of fraud—aside from the application of the statute of limitations, which is not now before us and we do not consider—were sufficient as against a general demurrer. (*Just v. Idaho Canal Etc. Co., Ltd.*, supra at 649; *James v. P. B. Steifer Mining Co.* (Cal.), 171 P. 117.)"

were erroneous as contrary to and in conflict with the settled and repeated pronouncements of this court to the effect that if a judgment is sustainable on any ground of demurrer interposed but not considered or passed on by the trial court, it will be affirmed, as announced in *Gagnon v. St. Maries Light Etc. Co., Ltd.*, 26 Ida. 87, 141 P. 88; *Feehan v. Kendrick*, 32 Ida. 220, 179 P. 507; *Jorgenson v. Stirling*, 35 Ida. 785, 209 P. 271; *MacLeod v. Stelle*, 43 Ida. 64, 249 P. 254; *Wormward v. Brown*, 50 Ida. 125, 294 P. 331; *Earhart v. Wright*, 50 Ida. 270, 295 P. 630; *American Ben. v. United Ben.*, 63 Ida. 755, 120 P. (2d) 1010.)

A re-hearing was granted and the point, though raised in respondents' original brief, was more fully argued and presented.

Appellant counters with the proposition that because respondents did not insist that the trial court consider and pass upon the other grounds of demurrer, they were impliedly overruled, even though the trial court expressly stated he did not pass on them, and not being cross-appealed from are waived.

Of our decisions appellant cites, *Guthrie v. Phelan*, 2 Ida. 95, 6 P. 107, did not consider the situations we have here, namely, where one ground of demurrer was sustained and

other grounds were specifically not considered. There the court evidently deemed the party waived the entire demurrer by not properly bringing, as a matter of practice, the question to the court for review. The same is true in *United States v. Alexander*, 2 Ida. 386, 17 P. 746. In other words, the court was apparently not considering a situation where one ground of demurrer had been sustained and others overruled, but was treating the demurrer as an entirety and the same evidently had been the practical construction placed upon these cases in later pronouncements by this court. *Smith v. Clyne*, 16 Ida. 466, 101 P. 819, applied *Guthrie v. Phelan* and *United States v. Alexander*, supra, as to the relative disposition of issues of law and and fact but did not hold as contended by appellant that grounds of demurrer not passed on as herein, are deemed abandoned. The latest case cited by appellant, *Eastern Idaho Loan & Trust Company v. Blomberg*, 62 Ida. 497, 113 P. (2d) 406, while referring to *Guthrie v. Phelan*, and *United States v. Alexander*, supra, did not apply the rule as holding that the demurrer had been abandoned or waived, but did consider grounds of demurrer not shown to have been passed on by the court below. While the court in the authorities cited above and relied upon by respondent did not apparently consider the rule appellant contends was announced in the authorities cited by him, we cannot presume the court was unmindful of those cases.

We have therefore concluded the rule as announced in *Gagnon v. St. Maries Light Etc. Co., Ltd.*, supra at 91, and re-asserted in one form or another in the above cases, urged by respondent, namely that "if the demurrer was good on one ground stated, it would be the duty of this court to sustain the trial court even though he sustained the erroneous ground", has become so well entrenched in our jurisprudence that it should not be departed from.

The other grounds of demurrer challenge the complaint as being insufficient to avoid the statute of limitations .

Consequently, it is necessary to examine the paragraphs of the complaint as amended, which seek to avert the bar of the statute. They are paragraphs XIII and XIII-A.

### XIII

"That the said R. E. Simpson, who was the owner of

the certificates of stock herein above described, and this plaintiff, did not discover the fraud of the said officers, directors and managing agents of the said Oakes and Company, in purporting to convey said real property to the said The Western Loan and Investment Company, and Eugene Looney, to evade the payment of the par value of the certificates of stock herein above described pursuant to the resolution of the stockholders of said Oakes and Company, adopted between February 1st, to February 7th, 1926, until on or about March 21st, 1941."

## XIII-A

"That the officers, directors and managing agents of the aforesaid Oakes and Company, a corporation, and defendant, The Western Loan and Investment Company, who were one and the same named persons as alleged in paragraph XIII, of the Amended Complaint, continued to manage, operate and control the corporate affairs of the said Oakes and Company, a corporation, from on or about February 1st, 1926, up to and including November 30th, 1935, when its charter was forfeited for non-payment of its annual corporation tax as alleged in paragraph II, of the Amended Complaint, and thereafter from November 30th, 1935, up to on or about March 21st, 1941, for the purpose of carrying out the terms and provisions of the resolution adopted from February 1st to February 7th, 1926, viz; to apply the assets of the corporation to the retirement of the capital stock of the corporation, including the stock of plaintiff herein as described in paragraph IV, of the Amended Complaint; and that pursuant to the terms of said resolution, the aforesaid officers, directors and managing agents of the said Oakes and Company, a Corporation, and the defendant, The Western Loan and Investment Company, consented that the assets of the said Oakes and Company, a Corporation, including the real property herein described as Lot 16, Block 145, Twin Falls Townsite, Twin Falls County, Idaho, should be applied to the retirement of the capital stock of the corporation including the stock of the plaintiff herein above described, which arrangement was consented to by R. E. Simpson, predecessor of plaintiff and accepted by plaintiff; that on or about March 21st, 1941, the defendants herein refused to comply with the terms of said resolution, and refused to apply the assets of the said Oakes and Company, a Corporation, including the

real property herein last above described, to retire the capital stock of plaintiff; that at no time prior thereto had defendants given notice to R. E. Simpson, predecessor of plaintiff, or to plaintiff, that the aforesaid arrangement, to which defendants had consented, would not be complied with."

Suit was commenced herein March 4, 1941. If not tolled, concededly barred by the statute. It may be conceded that though appellant or her predecessor in interest knew the consideration as recited in the deed, namely $10.00, was less than the real value of the property sold and that they had not received any proceeds therefrom, they were not necessarily charged thereby with notice or knowledge of the repudiation of the trust. (*Brasch v. Brasch,* 55 Ida. 777 at 785, 47 P. (2d) 767.)

 This court however in harmony with other jurisdictions has uniformly held that to avoid the bar of the statute, the circumstances, time and place of discovery and why the discovery was not sooner made must be alleged in detail and with particularity.

"It will be observed upon an examination of the amended complain that there is no averment that during the period over which the transactions complained of extended the appellants or any of them made or caused to be made the slightest inquiry touching the transaction in connection with the sale of the stock of the Boise power company to Blanchard & Company, through its agent, the City Trust Company, that no examination was made of the books of the corporation, that no information was sought from Cunningham, the general manager of the corporation, and that the sale of appellants' stock, with the exception of Ingraham's, was made to the Mainlands direct.

"In cases of this character where fraud, concealment and ignorance of the facts are relied upon to suspend the running of the statute of limitations, there must have been such concealment as would prevent a person from exercising due diligence from discovering the facts. What diligence was used is a question of law to be determined by the court from the complaint. Mere conclusions of law are not sufficient to remove the bar of the statute. The particulars of the discovery must be alleged. It should be stated when the discovery was made, what it was, how

it was made, and why it was not made sooner. The amended complaint is silent as to how the contract was obtained, neither are there any reasons assigned why the contract was not sooner obtained. In other words, the circumstances of the discovery are not fully stated. The fact that Cunningham gave out no information of his transactions with the Mainlands would not be sufficient, or the fact that the plaintiffs knew nothing of the transaction between the Mainlands and Cunningham until they procured a copy of the contract between Cunningham and the Mainlands, would likewise be insufficient to bring them within the provisions of the statute. The general rule is announced in the case of *Wood v. Carpenter,* 101 U.S. 135, 25 L. ed. 807;

" 'In cases of this character the plaintiff is held to stringent rules of pleading. . ., and especially must there be distinct averments as to the time when the fraud, mistake, concealment or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether by ordinary diligence the discovery might not have been before made. This is necessary to enable the defendant to meet the fraud and the time of its discovery. A general allegation of ignorance at one time and knowledge at another are of no effect. If the plaintiff made any particular discovery it should be stated when it was made, what it was, how it was made, and why it was not made sooner.' ·

"In the case of *Buckner v. Calcote,* 28 Miss. 432, and *Nudd v. Hamblin,* 8 Allen (Mass.), 130, it is held that:

" 'A party seeking to avoid the bar of the statute on account of fraud must aver. . . that he used due diligence to detect it and if he had the means of discovery in his power, he will be held to have known it.' " *Stout v. Cunningham,* 33 Ida. 464 at 471-472-473, 196 P. 208.

While it is true that the above case considered that there was no fiduciary relationship as there is here, the rule was adhered to and equally applied in *Ryan v. Old Veteran Mining Co.,* 37 Ida. 625 at 635, 218 P. 381, an action by a shareholder against the directors, similar therefore in character to the one at bar, that:

"Where, however, an action such as this has been delayed beyond the statutory period as to the most important

charge of the complaint and the plea of the statute of limitations is interposed, the complaint and the issue raised by the plea should be carefully examined. Subd. 4 of C.S., Sec. 611, (Section 5-218, I.C.A.), provides that an action for relief on the ground of fraud or mistake may be begun within three years, and that the cause of action in such case must not be 'deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.' In this class of cases the rule is sound when applicable, which was announced by the federal supreme court in *Wood v. Carpenter,* 101 U.S. 135, 25 L. ed. 807, and adopted by this court in *Stout v. Cunningham,* 33 Ida. 464, 196 P. 208, as follows:

" 'In cases of this character the plaintiff is held to stringent rules of pleading. . ., and especially must there be distinct averments as to the time when the fraud, mistake, concealment or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether by ordinary diligence the discovery might not have been before made. This is necessary to enable the defendant to meet the fraud and the time of its discovery. A general allegation of ignorance at one time and knowledge at another are of no effect. If the plaintiff made any particular discovery it should be stated when it was made, what it was, how it was made, and why it was not made sooner.'

"In subdivision 26 of the complaint it is alleged: That defendant Brainard was and has been director, also secretary and treasurer of the company since its formation, and kept all the books of the company, and continuously up to June 15, 1919, kept all knowledge and means of knowledge of the facts set forth in the complaint from the plaintiff and refused to permit plaintiff to inspect the books and records of the company. That after repeated demands in July, 1919, plaintiff was refused permission to examine the books except in the night-time. That plaintiff resorted to the court and sued out a writ of mandamus in the district court on August 5, 1919, compelling the defendants in said action to grant a reasonable inspection at reasonable times or show cause before the judge of said court why they should not do so. That defendants consented to an examination on August 20, 1919, and that a public accountant completed such examination on plaintiff's behalf on September 3, 1919. That said examination was the first ac-

corded plaintiff, and from said inspection plaintiff learned for the first time of the issuance of said 300,000 shares of stock to defendants Harper, Kennedy, Brainard, M. J. Farrell and Ehrenberg, and other matters set forth in the complaint.

"Directors of corporations act in a fiduciary capacity. They hold the corporate property in trust, and any attempt on their part to divert the use of such property to their personal profit or interest is a violation of the trust imposed by virtue of the office. (*Riley v. Callahan Mining Co.*, supra.) Viewing these allegations of the complaint in the light of this situation we cannot say the failure to earlier discover the fraud complained of was due to the want of ordinary diligence on the part of this stockholder. Also the complaint sets forth the time, manner and circumstances of the discovery in sufficient detail."

It will be noticed that the complaint there held to be good detailed the investigation made by the stockholder and his inability to sooner discover the alleged fraud.

The specific statement in the amended complaint that appellant "did not discover the fraud of the said officers. . . until on or about March 21st, 1941" has been declared a mere conclusion of law and is not a sufficient allegation of the discovery of the facts.

"* * * The cross-complaint contains the following allegation: 'That this cross-plaintiff did not discover the falsity of the representations so made by the cross-defendant until some time in April, 1915, . . .' Manifestly, this is not an allegation of the discovery of the facts constituting the fraud so as to remove the bar of the statute, and the demurrer to the cross-complaint was properly sustained on the ground that the cause of action therein alleged was barred by the statute of limitations. (*Stout v. Cunningham*, 33 Ida. 464, 196 P. 208; *Wood v. Carpenter*, 101 U.S. 135, 25 L. ed. 807; *Lady Washington Con. Co. v. Wood*, 113 Cal. 482, 45 P. 809. See, also, *Williams v. Shrope*, 30 Ida. 746, 168 P. 162.)" *Frank v. Davis*, 34 Ida. 678 at 680-81, 203 P. 287.

"The Supreme Court of the State has interpreted this provision of the statute relating to the discovery of the fraud under a general statement in the pleadings similar

to the one here, and has held that such an allegation of the discovery of the facts constituting fraud is not sufficient within the meaning of the statute, as there must be alleged, in order to suspend the running of the statute of limitation such facts of concealment as would prevent a person exercising due diligence from discovering the facts, and what diligence was used is a question of law to be determined from the complaint. Mere conclusions are not sufficient to remove the bar of the statute as the particulars of the discovery must be alleged. It is sufficient to quote at length from the views expressed by the Supreme Court of the State in the case of *Stout v. Cunningham*, 33 Ida. 464, 472, 196 P. 208, 210, where the court said: * * *

\* \* \* \*

"Thereafter the Supreme Court of the State in the case of *Frank v. Davis*, 34 Ida. 678, 203 P. 287, reaffirmed the decision in the case of *Stout v. Cunningham*, supra.

"It will be observed that the allegation here as to the discovery of the fraud by the plaintiff is a general statement and there is no fact stated as to concealment and ignorance of the facts, or what it was, how it was made, and why it was not made sooner. The amended complaint here is silent in that regard. * * *" (*Aker v. Sears Roebuck & Co.* (Ida.), 38 F. Supp. 741 at 744.)

We find further support in the following carefully considered case on a similar situation, quoting with approval a decision in the Supreme Court of the United States. (*Consolidated Reservoir & Power Co. v. Scarborough*, (Cal.), 16 P. (2d) 268.)

 The amended complaint, as amended, is thus deficient, but as stated in *Feehan v. Kendrick* and *MacLeod v. Stelle*, supra, where, by reason of the grounds of demurrer not being passed on in the lower court, the pleader has had no previous opportunity to remedy the defect, the cause while reversed because the complaint was deficient and the special grounds of demurrer should have been sustained, is remanded for the purpose of giving appellant the opportunity to, if she can and desires, remedy the defect. No costs awarded.

Ailshie, C.J., Budge, Holden and Miller, JJ., concur.